## PARKER v. TRANSCONTINENTAL & WESTERN AIR, Inc.

### No. 1700.

District Court, W. D. Missouri, W. D.

March 30, 1944.

John W. Hudson, of Kansas City, Mo., for plaintiff.

Spurgeon L. Smithson and Tom J. Stubbs, both of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendant has filed its motion to stay trial in this case for the reason, as it is alleged, that arbitration has been provided for in the contract sued on.

The plaintiff resists the motion upon the several grounds of inapplicability, waiver, etc.

An inspection of the complaint and the exhibit attached thereto reveals that the plaintiff is suing on a contract made for her benefit.

On the 20th of July, 1942, the defendant entered into a contract, as an employer, with plaintiff's husband, Alton N. Parker, as an employee. The contract was extensive and contained provisions whereby the defendant acknowledged applicability of the Workmen's Compensation Law of Missouri, Mo.R.S.A. § 3689 et seq., and undertook to comply therewith. Although it appeared that such law did not apply to this particular employee because of the amount of compensation contracted to be paid, one of the provisions of the contract quite liberally and yet voluntarily bound the defendant to adopt certain provisions of the Workmen's Compensation Law, even though not applicable under the law. Among other things, it agreed, "in event the injury to Employee resulting in disability or death occurs at or about the place where Employee's services are being rendered * * * such injury shall be presumed to have arisen out of and in the course of employment whether employee then actually was so engaged * * *." Other provisions of the contract were that, "benefits equal to the maximum benefits prescribed in such law (Missouri Workmen's Compensation Law) * * * shall be payable to Employee or his dependents in the same manner as that provided in said law and as though the Employee were subject to the law." Other provisions of this voluntary agreement indicate that the defendant sought to limit recovery to amounts

provided in the Workmen's Compensation Law.

It will be noticed that, by this provision in its contract, payment of benefits in case of death would be to the dependents of the employee precisely as provided in the Workmen's Compensation Law. It then became a contract made for and in the interest of the plaintiff, although she was not specifically named. By her petition she says that she was the wife of and a dependent upon the employee.

■ 1. The arbitration law of the national government is found in Title 9 U.S.C.A. The courts have construed this law to be broad enought to affect all cases in the federal court where suits are founded upon contracts containing provisions for arbitration. Section 3 of said Act is clearly a procedural rule. It simply provides that suits or proceedings may be stayed in a federal court "upon any issue referable to arbitration under an agreement in writing for such arbitration, * * *."

■ 2. It will be noticed that the plaintiff was neither a party nor a privy to the contract sued on. Under the American doctrine, a beneficiary under a contract such as this may sue for the benefits provided. The plaintiff under the Missouri law would have been entitled to maintain an action for the wrongful death of her husband. In this case the defendant generously provided in its contract that certain presumptions should prevail in favor of a beneficiary under the contract. By reference to the arbitration clause of the contract it will be noted that arbitration is not provided for in case of a dispute with the beneficiary, but solely "between Employer and Employee." It says:

" * * * all disputes between Employer and Employee concerning questions of fact arising under this contract shall be decided by a Contracting Officer of the Government or his duly authorized representative or successor * * *."

Since the plaintiff is not suing as a representative of the employee and was not a privy to the agreement, then of course the arbitration clause would not affect her in this case. Accordingly, the motion to stay should be overruled. The defendant should have a reasonable time in which to answer. A thirty-day extension would appear to be reasonable. An order overruling the motion will so provide.